IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

NETWORKS USA V, INC.,
NETWORKS USA XXIII, INC.,
NETWORKS USA XXIX, INC.,

       Plaintiffs

V.                                                                       No.2:12-cv-02273

WALGREEN CO.,

       Defendant

## MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

Comes now Defendant, Walgreen Co. ("Walgreen"), and in support of its Motion to Transfer Venue would respectfully state as follows:

### SUMMARY

Plaintiffs Networks USA V, Inc., Networks USA XXIII, Inc., and Networks USA XXIX, Inc. (respectively, "V", "XXIII" and "XXIX" and, with Networks USA, Inc., and Networks USA XVII, Inc., collectively the "Networks Enterprise") brought this action (the "Tennessee Action") in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis on March 7, 2012, essentially alleging that Walgreen had failed to pay rent due under certain leases for three stores, Walgreens Store Numbers 3086 and 2775 in Memphis, Tennessee, and Walgreens Store Number 4455 located in Southaven, Mississippi.

However, on February 24, 2012, Walgreen had filed a civil action in the United States District Court for the Northern District of Illinois, captioned *Walgreen Co. v.*

*Networks USA V, Inc., Networks USA XXVII, Inc., and Networks USA, Inc.*, asserting breach of contracts by Networks and two other Networks entities with regard to the leases on Walgreens Store No. 3086 and 2665 (the "Illinois Action").

As the parties are already subject to the jurisdiction of the Northern District of Illinois and the lease of the store in question is already pending before the court there, cause exists to change venue pursuant to 28 U.S.C. §1404(a).

FACTS

All of the facts of this case at this point may be gleaned from the Complaints filed in the respective cases. The Court has before it Networks Enterprise's Complaint and Walgreen attaches hereto its Complaint against Networks Enterprise pending in the Northern District of Illinois.

Walgreen is a large retail pharmacy with stores nationwide and its principal place of business in the Northern District of Illinois. The Complaints recite that each Networks Enterprise is located in Palm Beach Gardens, Florida and own and operate commercial real estate also throughout the country.

The issues bringing the parties before this Court and in the Illinois Action arise out of four commercial leases between certain Networks Enterprise entities and Walgreens, leases on Store No. 3086 which is located at 4183 Kirby, Memphis, Tennessee (V), Store No. 2665 located at 34th Street and Central Avenue in St. Petersburg, Florida (XVII), Store No. 2775 located at 4155 Highway 61 S., in Memphis, Tennessee (XXIII), and Store No. 4455 located at Airways Blvd. and Stateline Road in Southaven, Mississippi (XXIX).

It appears that while Walgreen itself is the lessee in each of the leases at question in the Tennessee and Illinois Actions, different Networks corporations, each with its principal place of business in Palm Beach Gardens, Florida, are the lessors. The leases all bear notations indicating that they were prepared by different counsel in Walgreen's Illinois offices, and the language of each lease is substantially similar, if not identical, to that of the other leases.

The lease disputes all involve Walgreen and the Networks Enterprise' lessors' breach of their duty to properly maintain the exterior of the Walgreens stores in question, and the assertion by Networks Enterprise that Walgreen has breached the agreements by failure to pay rent.

The leases call for base monthly rent plus a percentage of sales; the base rent varies from $9,198.22 (Store 2665), to $13,689 (Store 3086) to $19,400 (Store 4445); the complaint asserts damages in an unstated amount, but the amount in controversy clearly exceeds $75,000.00.  Although the Tennessee complaint does not set forth a dollar amount, Walgreen's Complaint in the Northern District of Illinois against Networks Enterprise asserts damages of at least $131,000.00.

LAW AND ARGUMENT

Walgreen removed this case from the Circuit Court of Tennessee on April 9, 2012 and, pursuant to Federal Rule of Civil Procedure 81, must timely answer or otherwise respond to the Complaint (Counsel for Networks Enterprise has courteously extended that time in this case).  A Motion to Change Venue is an appropriate response to the Complaint.  *See, e.g., Moore's Federal Practice, ¶*117.

All parties to these disputes are national entities with contractual obligations in at least three (3) states. The issues are similar and the parties virtually identical, so judicial economy requires that these issues be disposed of by the same court. As the appropriate action has heretofore been filed in the Northern District of Illinois, it is most convenient for the parties and for this court for the United States District Court for the Northern District of Illinois to resolve this case.

In the Sixth Circuit, the standards for transferring venue under 28 U.S.C. §1404(a):

> In evaluating a motion to transfer under *§ 1404(a)*, the Court has broad discretion to grant or deny the request and must determine: (1) whether the action could have been brought in the [*6] proposed transferee district; (2) whether a transfer would promote the interests of justice, and (3) whether a transfer would serve the parties' and witnesses' convenience. *See IFL Group Inc. v. World Wide Flight Service, Inc., 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004)*...
> Courts examine a number of factors when evaluating the interests of justice and convenience of the parties and witnesses including: (1) convenience of the parties and witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, (5) the interests of justice, (6) the relative congestion in the courts of the two forums, (7) the public's interest in having local controversies adjudicated locally, (8) the [*7] relative familiarity of the two courts with the applicable law, (9) the plaintiff's original choice of forum, and (10) whether the parties have agreed to a forum selection clause.
> **Talent Tree Crystal, Inc., v. DRG, Inc.,** *2005 U.S. Dis LEXIS 34214 (WD Mich 2005)*

The Court utilized those standards to grant a transfer of venue.

Chief Judge McCalla in this District further addressed the standards in *Hunter Fan Company v. Minka Lighting, Inc.,* 2006 U.S. Dist. LEXIS 39080 (WD Tenn 206), in which he declined to transfer a patent infringement case for reasons specific to the facts of those cases (unlike the instant Actions, the factual issues and even parties were different). The Court stated that:

> As a general rule, there is a "strong presumption" in favor of the plaintiff's selection of forum, and the plaintiff's choice should not be altered "unless [*5] the defendant carries his burden of demonstrating that the balance of convenience strongly favors transfer." *Plough, Inc. v. Allergan, Inc., 741 F. Supp. 144, 148 (W.D. Tenn. 1990)* (citations omitted); *see also Nicol v. Koscinski, 188 F.2d 537, 537 (6th Cir. 1951)* (explaining that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). When a plaintiff has selected its home forum, this choice is given particular weight. *Tuna Processors, Inc. v. Hawaii Int'l Seafood, 408 F. Supp. 2d 358, 360 (E.D. Mich. 2005)…*
> In determining whether to transfer a case under *§ 1404(a)*, a court should consider the private interests of the parties as well as "other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"

The Court also noted the rule that "[t]he fact that a related case is pending in a proposed transferee district is a powerful reason to grant a motion for a change of venue," although the rule did not apply in the case.

In this case, circumstances clearly dictate that Networks Enterprise' choice of forum is due little deference. Both Networks Enterprise and Walgreen do business in a number of states and, in fact, the leases at issue in this case are spread over two states, Tennessee and Mississippi; likewise, the leases in the Illinois case are spread over Tennessee and Florida. Each civil action has in common lease issues arising out of Memphis stores.

Neither Complaint alleges that any party has any connection to Tennessee other than the location of the Walgreen stores on Networks Enterprise property. Necessary witnesses would appear to be found at corporate offices in Illinois and Florida as well as locally, where presumably store employees and maintenance personnel have knowledge regarding issues of property maintenance.

There is simply no reason to think that a Tennessee forum has any practical advantages for Networks Enterprise.

WHEREFORE, PREMISES CONSIDERED, Walgreen prays that the Court transfer this case to the United States District Court for the Northern District of Illinois, Eastern Division, for the convenience of the Court and the parties.

> Respectfully submitted:
>
> ADAMS AND REESE LLP
>
> By: */s/ Henry C. Shelton, III*
> Henry C. Shelton, III (8207)
> Emily C. Taube (19323)
> 80 Monroe Avenue
> Suite 700
> Memphis, TN 38103
> Telephone: (901) 525-3234
> Facsimile: (901) 524-5371

CERTIFICATE OF SERVICE

I hereby certify a true and exact copy of the foregoing was served via electronic mail this the 23rd day of April, 2012 to Robert L. Moore, Esq.

> */s/ Henry C. Shelton, III*
> Henry C. Shelton, III