IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| NETWORKS USA V, INC., ) | |
| NETWORKS USA XXIII, INC., ) | |
| NETWORKS USA XXIX, INC., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 12-2273-STA-tmp |
| ) | |
| WALGREEN CO., ) | |
| ) | |
| **Defendant.** ) | |

---

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

---

Before the Court is Defendant Walgreen Co.'s Motion to Transfer Venue (D.E. # 6) filed on April 23, 2012. Plaintiffs Networks USA V, Inc.; Networks USA XXIII, Inc.; and Networks USA XXIX, Inc. have filed a response in opposition. For the reasons set forth below, Defendant's Motion is **GRANTED**.

**BACKGROUND**

Plaintiffs are Florida corporations with their principal places of business in Palm Beach Gardens, Florida. Each Plaintiff is the owner of certain real property in Memphis, Tennessee, and Southaven, Mississippi. Plaintiffs allege that each Plaintiff leases its real property to Defendant where Defendant operates three different Walgreens Pharmacy stores. Specifically, Plaintiff Networks USA V, Inc. leases real property to Defendant at 4183 Kirby, Memphis, Tennessee, where Defendant does business as Walgreens Pharmacy store # 3086. Plaintiff Networks USA, XXIII, Inc.

1

leases real property to Defendant at 41555 Highway 61 South, Memphis, Tennessee, where Defendant does business as Walgreens Pharmacy store # 2775. And Plaintiff Networks USA XXIX, Inc. leases real property to Defendant at the intersection of Airways Boulevard and Stateline Road in Southaven, Mississippi, where Defendant does business as Walgreens Pharmacy store # 4455. According to the Complaint, Defendant has failed to carry out its obligations under each lease to maintain the subject properties, thereby breaching the terms of the leases. On March 7, 2012, Plaintiffs brought suit for forceable entry, detainer, and damages in the Circuit Court for the Thirtieth Judicial District, Shelby County, Tennessee. On April 9, 2012, Defendant removed the action to federal court on the basis of diversity jurisdiction.

In its Motion to Transfer Venue, Defendant argues that the Court should transfer this matter to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Defendant asserts that on February 24, 2012, it filed a civil action for breach of contract in the Northern District of Illinois in the matter of *Walgreen Co. v. Networks USA V, Inc., et al.* (hereinafter "the Illinois action"). Defendant has attached a copy of the complaint in the Illinois action to the Motion to Transfer Venue. Defendant argues that the Illinois action includes a claim for breach of contract against Networks USA V, Inc. involving the lease at Walgreens Pharmacy store # 3086, one of the same leases at issue in the case at bar. The Illinois action also includes a contract dispute between Walgreen Co. and another Networks USA entity over a lease for real property in St. Petersburg, Florida. Defendant argues that because the Northern District of Illinois already has jurisdiction over the parties and the lease dispute over store # 3086 is already pending before that Court, this Court should transfer this case under section 1404(a). Defendant contends that all parties are national entities with contractual relationships in at least three different states.

For the sake of judicial economy and the convenience of the parties, their disputes should be litigated in the Northern District of Illinois.

In their response in opposition, Plaintiffs argue that the Northern District of Illinois is not the proper venue and that that Court lacks jurisdiction over Plaintiffs. The claims in the case at bar involve two leases for real property located in the Western District of Tennessee and a third lease for real property located in the Northern District of Mississippi. Plaintiffs contend that Defendant has not shown why the Court should transfer and deny Plaintiffs their chosen forum. Plaintiffs emphasize that Defendant seeks transfer of this matter to the Northern District of Illinois because Defendant has its principal place of business in that District. Plaintiffs maintain that other than convenience for Defendant, the Northern District of Illinois has no connection to this dispute. Therefore, Plaintiffs argue that the Court should deny the Motion to Transfer Venue.

## **ANALYSIS**

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought."[1] A district court is granted broad discretion when deciding a motion to transfer. Among the relevant factors, the Court should consider (1) the convenience of the parties and witnesses, (2) the accessibility of evidence, (3) the availability of process to make reluctant witnesses testify, (4) the costs of obtaining willing witnesses, (5) the practical problems of trying the case most expeditiously and inexpensively, and (6) the interests of justice.[2] The last factor concerns

---

[1] 28 U.S.C. § 1404(a).

[2] *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) (other citations omitted)).

3

the public interest in transfer, particularly systemic integrity and fairness of transfer.[3] A plaintiff's choice of forum is entitled to deference.[4]

Although the Court does not believe that venue is improper in this District, it appears that transfer of this matter to the Northern District of Illinois will serve the interests of justice. It is undisputed that Plaintiffs' claims against Defendant relate to leases for real property, and two of the three properties are situated in the Western District of Tennessee. With respect to the private interests of the parties, the Court finds no evidence that these interests weigh strongly in favor of transfer. First, Defendant has not shown with any specificity that transfer to the Northern District of Illinois will serve the convenience of the parties. Obviously, transfer to that District will increase the convenience of litigating this matter for Defendant. Plaintiffs, on the other hand, have their principal places of business in the state of Florida and have chosen Tennessee as the forum for their claims.[5] Second, Defendant has not shown that convenience of the witnesses favors transfer. "Convenience of non-party witnesses, as opposed to employee witnesses, is one of the most important factors in the transfer analysis."[6] Defendant's Motion fails to identify any non-party

---

[3] *Moore v. Rohm & Haas Co.,* 446 F.3d 643, 647, n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).

[4] *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 524–25 (6th Cir. 2010) (discussing deference owed to a plaintiff's choice of forum in the context of a motion to dismiss for *forum non conveniens*).

[5] *See G & N Investments, LLC v. O'Reilly Automotive, Inc.*, No3:08CV-504-S, 2009 WL 151697, at *2 (W.D. Ky. Jan. 21, 2009) ("G & N is the party who should have a concern, if anyone, over evidence located in Wisconsin, as it claims to have made improvements to the leased property for O'Reilly. However, G & N wishes to keep the action here, despite any potential inconvenience in gathering evidence.").

[6] *Smith v. Hyphon, Inc.*, 578 F. Supp. 2d 954, 963 (M.D. Tenn. 2008) (quoting *Steelcase, Inc., v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 720–21 (W.D. Mich. 2004)).

witnesses and what their testimony will be, let alone how transfer to the Northern District of Illinois will be more convenient for them.[7] For the same reasons, Defendant has not shown that the costs of obtaining willing witnesses or the availability of process to compel unwilling witnesses to testify are relevant to the Court's analysis here. Based on the pleadings, it appears to the Court that many of the material witnesses will be employees of Defendant, working at the specific stores in question. Third, there is no clear indication of where relevant proof is located in this case. Although some of the evidence will be documentary evidence maintained at the parties' corporate offices, the actual conditions of the real property will also be relevant to Plaintiffs' failure to maintain claims. Under the circumstances, the Court finds that the typical private interest factors are not clearly dispositive, either for or against, on the issue of transfer.

At the same time, the interests of justice and judicial economy weigh heavily in favor of transfer to the Northern District of Illinois. This Court has previously held that "[t]he fact that a related case is pending in a proposed transferee district is a powerful reason to grant a motion for a change of venue."[8] The reasons supporting this preference for transfer include (1) the enhanced efficiency of pretrial discovery; (2) the time and resources of witnesses, both in pretrial and trial proceedings; (3) avoiding duplicative litigation, "thereby eliminating unnecessary expense to the parties and at the same time serving the public interest"; and (4) avoiding inconsistent judgments.[9]

---

[7] *Id.* ("[T]he party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover.") (quoting 15C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3851, 425 (3d ed. 1998)).

[8] *Sofamor Danek Holdings Inc. v. United States Surgical Corp.*, 49 U.S.P.Q. 2d 2016, (W.D. Tenn 1998) (quoting *Supco Auto Parts, Inc. v. Triangle Auto Spring Co.*, 538 F. Supp. 1187, 1191 (E.D. Pa. 1982) (internal quotation marks and other citations omitted)).

[9] *Id.* (quotation omitted).

The Sixth Circuit has explained that the interests of justice are served by allowing the same judge to hear two cases with similar legal and factual issues, thereby giving that officer "a leg up" on both matters and promoting the expeditious and inexpensive resolution of the cases.[10]

Here Defendant has shown that it filed suit in the Northern District of Illinois for breach of contract against Networks USA V, Inc. over the parties' lease agreement at Walgreens Pharmacy store # 3086. Approximately twelve days later, Networks USA V, Inc. filed the instant suit against Defendant in this Court, alleging that Defendant has breached the terms of the same lease at the same property. In this single respect, both suits involve the same parties and their dispute over the same lease. Defendant's other claims in the Illinois action involve an additional lease dispute with an entity that appears to be related to Plaintiffs in the case at bar, all for maintenance disagreements at properties where Defendant does business as a Walgreens Pharmacy. The parties respective claims will clearly rise and fall on the specific facts and conditions at each property. However, it appears to the Court that the leases at issue are similar and that there are at the very least common issues of contract construction. Under the circumstances, the Court concludes that Plaintiffs' choice of forum notwithstanding, transfer of this case to the Northern District of Illinois would serve the interests of justice and judicial economy. Therefore, Defendant's Motion is **GRANTED**. This matter is hereby transferred to the United States District Court for the Northern District of Illinois for all further proceedings.

---

[10] *Reese*, 574 F.3d at 320 (affirming the denial of a motion to transfer, in part because "[t]here also is much to be said from an interests-of-justice perspective for applying the same law to both cases rather than Sixth Circuit law to one case and Seventh Circuit law to the other").

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: June 20, 2012.